UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| DYLAN GUILLOT | CIVIL ACTION NO. 23-1369 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| WARDEN WADE, ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

**REPORT AND RECOMMENDATION**

Before the undersigned, on reference from the District Court, is a Motion for Temporary Restraining Order, [doc. # 20], filed by Plaintiff Dylan Guillot. Plaintiff, who is currently incarcerated at Madison Parish Correctional Center ("MPCC"), complains of events that occurred while he was incarcerated at Richland Parish Detention Center ("RPDC"). He proceeds both pro se and in forma pauperis. As this case is at the initial review stage, no Defendant has appeared, and, thus, there is no opposition to the instant motion.

For reasons assigned below, it is recommended that the motion be denied.

**Background**

Plaintiff initiated this proceeding on September 29, 2023, under 42 U.S.C. § 1983, raising a number of complaints about his treatment while on suicide watch, lack of medical attention, black mold growing in one of the dorms, lack of access to the law library, lack of recreational opportunities, exposure to environmental tobacco smoke, lack of religious services for Muslim inmates, lack of responses to grievances, and retaliation for engaging in the grievance and court processes.

Plaintiff filed the instant motion on November 27, 2023, seeking a temporary restraining

order and/or preliminary injunction. [doc. # 20]. In support, he recounts as follows:

During this last week, I went on protective custody due to being sexually harassed in the H-Dorm. During my 7 days in protective custody I was refused a pen, paper, legal work from my property while in protective custody. I was refused a shower and clean clothes for 6 days. On 11/16/23 I was assa[u]lted with a chemical agent while on protective custody, forced to army crawl in the hallway, threatened with shock gloves by the cpt Shaw and, while Warden Wade smiled at myself and 3 other inmates in the cell. The reason for the chemical spray (Deputy Cogan-Beck who administered) was due to another inmate (Kelly Harris) knocking on the cell door because his chest was hurting. There has been an aggressive retaliation [toward] myself and all inmates close to me, both seeking legal help and innocent bystanders. I'm begging this Honorable Court to order a TPO, preliminary injunction, or any other type of protection so I can continue my civil action without retaliation as it's the state's duty of my safety while I'm in the state's custody. Please also note I've never received any write-up or discipline action against me to be receiving this type of punishment. Thank you for your time and consideration and God bless this Honorable Court!

[doc. #20]. Plaintiff added that he was "given the option to return to the dorm where the sexual harassment occured [sic] or stay in the cell on protective custody with no legal work, and no shower. So I'm currently back in H-Dorm to avoid further punishment while on protective custody." *Id.*

On December 21, 2023, the Clerk of Court received Plaintiff's motion for extension of time to file an amended complaint. On the basis of that motion, the Clerk of Court updated his address to his present place of incarceration, MPCC.

## Law and Analysis

### 1. Temporary Restraining Order

A litigant moving for a preliminary injunction or temporary restraining order must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and

(4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976).

Here, Plaintiff is not entitled to a temporary restraining order or preliminary injunction because it is not substantially likely that he will succeed on the merits of his retaliation claims.[1]

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The statute clearly requires an inmate bringing a civil rights action to exhaust his available administrative remedies before filing suit. See *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion is no longer left to the discretion of the district court; it is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). "[D]istrict courts have no discretion to waive the PLRA's pre-filing exhaustion requirement." *Gonzalez v. Seal*, 702 F.3d 785, 787-88 (5th Cir. 2012).

Here, Plaintiff raises claims of retaliation, which allegedly occurred after he initiated suit.[2] Plaintiff could not have exhausted his new claims.[3] See *Torns v. Miss. Dep't of Corr.*, 301

---

[1] Notably, Plaintiff does not present his allegations in an affidavit or verified complaint. Under Federal Rule of Civil Procedure 65(b)(1) (emphasis added), "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an *affidavit or a verified complaint* clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]"

[2] Plaintiff admits that there is a prison grievance procedure at RPDC, although he

3

Fed. App'x. 386, 388 (5th Cir. 2008) ("One way in which a complaint may show the inmate is not entitled to relief is if it alleges facts that clearly foreclose exhaustion."). As Plaintiff did not exhaust his retaliation claims before filing suit, there is no substantial likelihood that he will succeed on the claims' merits.[4]

Further, to the extent that Plaintiff seeks a TRO and/or preliminary injunction against RPDC or actors on its behalf, he has now been transferred to another facility, so there is no conduct to enjoin, thereby mooting his request.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Dylan Guillot's Motion for Temporary Restraining Order, [doc. # 20], and incorporated motion for preliminary

---

complains of its effectiveness.   [doc. #6].

[3] See *Davis v. Hinton*, 2017 WL 5707540, at *8 (S.D. Miss. Nov. 27, 2017) ("To the extent that [the plaintiff] asserts a claim of retaliation for filing the instant suit, his claim must be dismissed for failure to exhaust the claim before filing suit."); *Clark v. Banks*, 2018 WL 1866619, at *6 (S.D. Miss. Jan. 2, 2018), report and recommendation adopted, 2018 WL 783075 (S.D. Miss. Feb. 8, 2018) (finding that the plaintiff "could not possibly have exhausted his claim before filing his Complaint" because he alleged that the defendant "retaliated against him for filing" the lawsuit); *Adams v. Jones*, 577 F. App'x 778 (10th Cir. 2014) (finding that an inmate did not exhaust his administrative remedies in connection with his claim that prison officials retaliated against him for filing the underlying suit).

[4] See *Alba v. Randle*, 2011 WL 1113866, at *1 (S.D. Miss. Mar. 28, 2011) (finding that the plaintiff "failed to demonstrate a substantial likelihood of success on the merits for the claims alleged . . . because he has failed to exhaust his administrative remedies as to such claims."); *Pippin v. Thaler*, 2010 WL 2487278, at *1 (S.D. Tex. June 14, 2010) ("Plaintiff fails to demonstrate a substantial likelihood that he will prevail on the merits of his underlying case, as he neither alleges nor shows that he exhausted his administrative remedies prior to filing this lawsuit.").

injunction be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 27th day of December, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE